UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARION GREENWOOD, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-74-JD-MGG |
| A. BANKS, et al., | |
| Defendants. | |

OPINION AND ORDER

Aarion Greenwood, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Greenwood is incarcerated at Miami Correctional Facility. According to the complaint and attachments, on July 8, 2020, inmates set a fire in another area of the prison. Mr. Greenwood claims he woke up around 7:00 a.m. to the strong smell of smoke. His cell did not have an intercom, but he kicked the door and repeatedly yelled, "Get me out of here." He claims Sergeant A. Banks and Officer Butler (first name unknown) were working that day, but they did not respond to his calls. The fire was put out after about 30 minutes. At that time, Mr. Greenwood was experiencing chest pain, dizziness, burning to his eyes, and other symptoms. He told Sergeant Banks that he needed to go to the medical unit, but the sergeant allegedly responded, "that's not his problem he's not a doctor or nurse." Mr. Greenwood put in a written request for

medical care, and it can be discerned from attachments that he was eventually seen by medical staff. He later filed a grievance over this incident, and the grievance officer contacted Captain M. Morson, who stated that the fire was addressed as quickly as possible, and that because the fire was in another area of the prison, Mr. Greenwood's unit was not evacuated. Based on these events, Mr. Greenwood sues Sergeant Banks, Officer Butler, and Captain Morson, seeking money damages and other relief.

Mr. Greenwood alleges that his constitutional rights were violated when he was exposed to smoke from the fire. Prison officials who "expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights." *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011). However, "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Rather, the defendant's "state of mind must rise to the level of deliberate indifference." *Id.* "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

It is apparent from the complaint that the defendants did not cause the fire, and there is no factual content from which it can be plausibly inferred that they simply stood by and did nothing when the fire broke out. Rather, Mr. Greenwood alleges that the defendants were "trying to get the fire under control," and that they ultimately did

2

so. He believes his unit should have been evacuated immediately, but it is apparent from the complaint that the fire occurred in another area of the prison. The court cannot plausibly infer deliberate indifference to Mr. Greenwood's safety solely because the defendants chose to focus on putting out the fire, or assisting inmates in the area where the fire occurred, rather than immediately evacuating the entire prison. Indeed, letting all the prisoners out of their cells posed its own set of safety risks, and the court must afford "deference to prison officials' decisions when . . . maintaining order in a volatile environment." *Holleman v. Zatecky*, 951 F.3d 873, 880 (7th Cir. 2020). No doubt this incident was distressing for Mr. Greenwood, but he has not alleged a plausible Eighth Amendment claim.[1] *Hildreth*, 960 F.3d at 425–26.

Mr. Greenwood also asserts that prison policies were violated, including that he was housed in a cell without an intercom, and that the prison should have conducted fire drills in accordance with local fire codes. Even if he is correct, the violation of prison policy or other state law does not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

---

[1] The court notes additionally that Captain Morson's only alleged involvement occurred in connection with the investigation of Mr. Greenwood's grievance. Mr. Greenwood does not allege, nor is it otherwise apparent from the complaint, that Captain Morson was even present during the fire. He cannot be held liable for the misdeeds of other prison staff simply because he holds a supervisory position. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

The complaint can also be read to allege a claim for the denial of medical care. Under the Eighth Amendment, prisoners are entitled to adequate medical care. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would recognize the need for medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

Giving Mr. Greenwood the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim against Sergeant Banks. Specifically, he alleges that he was having chest pain, dizziness, burning in his eyes, and difficulty breathing after being exposed to the smoke. He told Sergeant Banks that he needed to go to the medical unit, but the sergeant allegedly brushed off his concerns and told him it was not "his problem." He will be permitted to proceed on this claim.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant A. Banks in his personal capacity on a claim for monetary damages under the Eighth Amendment for denying him medical care following a fire in the prison on or about July 8, 2020;

(2) DISMISSES all other claims;

(3) DISMISSES Mrs. Butler and Captain M. Morson as defendants;

(4) DIRECTS, the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Sergeant A. Banks, and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent this information is available;

(6) ORDERS Sergeant A. Banks to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this order.

SO ORDERED on March 4, 2021.

s/ JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT