UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AARION GREENWOOD,

            Plaintiff,

            v.                                                    CAUSE NO. 3:21-CV-74-JD-MGG

A. BANKS,

            Defendant.

OPINION AND ORDER

Aarion Greenwood, a prisoner without a lawyer, is proceeding in this case

"against Sergeant A. Banks in his personal capacity on a claim for monetary damages

under the Eighth Amendment for denying him medical care following a fire in the

prison on or about July 8, 2020[.]" ECF 6 at 4. Sgt. Banks filed a motion for summary

judgment, arguing Greenwood did not exhaust his administrative remedies before

filing suit. ECF 19. Greenwood filed a response and Sgt. Banks filed a reply. ECF 36, 40.

The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Federal

Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the

evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from exhausting if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, "exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016).

Sgt. Banks argues Greenwood did not exhaust his administrative remedies because he did not complete the grievance process for any grievance related to his claim in this lawsuit. ECF 20 at 10-12. Sgt. Banks offers Greenwood's grievance history, which shows the following: Greenwood filed Grievance 115882 on July 10, 2020, complaining of the July 8 incident. ECF 19-4 at 2. On August 21, 2020, the grievance office denied Grievance 115882 on the merits. *Id.* at 1. Greenwood did not appeal the denial of Grievance 115882. ECF 19-1 at 6.

In his response, Greenwood concedes he did not appeal the grievance office's denial of Grievance 115882. ECF 36 at 12. Instead, he argues the appeal process was unavailable to him because he was unable to obtain an appeal form. *Id.* Specifically, Greenwood argues he requested an appeal form but was denied because the prison said his grievance was untimely. *Id.* In Sgt. Banks' reply, he does not dispute Greenwood's assertion he was denied access to an appeal form. ECF 40. Thus, because it is undisputed Greenwood was denied access to an appeal form, the undisputed facts show the administrative remedies were unavailable to Greenwood. *See Kaba*, 458 F.3d at 684; *Hill*, 817 F.3d at 1041. Sgt. Banks has therefore not met his burden to show failure to exhaust.

For these reasons, Sgt. Banks' motion for summary judgment (ECF 19) is DENIED.

SO ORDERED on April 13, 2022          /s/ JON E. DEGUILIO

_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT