UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARION GREENWOOD, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-74-MGG |
| A. BANKS, | |
| Defendant. | |

OPINION AND ORDER

Aarion Greenwood, a prisoner without a lawyer, is proceeding in this case "against Sergeant A. Banks in his personal capacity on a claim for monetary damages under the Eighth Amendment for denying him medical care following a fire in the prison on or about July 8, 2020[.]" ECF 6 at 4. Sgt. Banks filed a motion for summary judgment. ECF 75. Greenwood filed a response, and Sgt. Banks filed a reply. ECF 85, 86. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly

supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

The parties provide evidence showing the following facts: On July 8, 2020, Greenwood was housed in Cell 207 of A-cell house at Miami Correctional Facility. ECF 75-1 at 13. Around 7:00 a.m., Greenwood awoke in his cell and noticed smoke inside his cell, the smell of fire, and shouts from other inmates. *Id.* at 17, 23. He looked through his cell door and saw a fire in a garbage can in the middle of the dayroom on a lower level of the cellhouse. *Id.* at 22. He experienced a burning sensation in his eyes and irritation in his chest and throat. *Id.* at 25. Within twenty minutes, correctional officers put the fire out with fire extinguishers. *Id.* at 25-26. Sgt. Banks assisted in extinguishing the fires. ECF 75-5 at 1.

Shortly after the fire was put out, Sgt. Banks passed through the hallway in front of Greenwood's cell and they had a "brief, brief dialogue." ECF 75-1 at 27. Greenwood told Sgt. Banks his eyes were burning and his throat and chest were irritated and he would like to see medical. *Id.* at 28. Sgt. Banks "brushed [him] off" and ignored him. *Id.* Sgt. Banks escorted some inmates from their cells to the medical unit, including one inmate who was coughing. *Id.* at 28; ECF 75-5 at 1. After he returned those inmates to

2

their cells, he needed to complete his report about the fire. ECF 75-5 at 1. Therefore, he advised staff that if any other inmates needed to be seen by medical, the inmates should contact Yard Staff for assistance. *Id.* Other correctional officers came by Greenwood's cell to pass out trays, but Greenwood did not make any additional attempts to request medical attention at that time. ECF 75-1 at 29, 35. On July 10, 2020, Greenwood submitted a Request for Healthcare form requesting to be seen by medical staff for breathing problems due to "so many fires" in the A-cell house. *Id.* at 30-31; ECF 75-3. In additional to the July 8 fire, he had been exposed to four or five additional fires in 2020. ECF 75-1 at 32-34.

On July 17, 2020, Greenwood was seen by medical. ECF 75-3. His vitals were taken, all were normal, and he was advised by the nurse to maintain proper hydration and nutrition, refrain from smoking, and gargle salt water for his throat. *Id.*; ECF 75-1 at 37. Greenwood no longer has any medical issues related to the July 8 fire. *Id.* at 38-39. Because neither party disputes these facts, the court accepts them as undisputed.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

3

Where, as here, a plaintiff alleges a delay in providing medical care, the plaintiff must show "the *delay* was 'objectively, sufficiently serious' to constitute the 'denial of the minimal civilized measures of life's necessities.'" *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996) (emphasis added). To do so, the plaintiff must produce "verifying medical evidence" that the delay had a detrimental effect. *Id.* at 1241 (agreeing with the Eighth Circuit that "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place *verifying medical evidence* in the record to establish the detrimental effect of delay in medical treatment to succeed"). Thus, an "action will not lie unless the plaintiff introduces verifying medical evidence that shows his condition worsened because of the delay." *Knight v. Wiseman*, 590 F.3d 458, 466 (7th Cir. 2009); *see also Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) (stating that plaintiff must "offer 'verifying medical evidence' that the delay (rather than the inmate's underlying condition) caused some degree of harm") (*citing Williams v. Liefer,* 491 F.3d 710, 714-15 (7th Cir. 2007)).

On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992).

4

Here, it does not appear Greenwood had an objectively serious medical condition, as it is undisputed he complained only of a burning sensation in his eyes and irritation in his chest and throat and a nurse treated these conditions only by instructing him to maintain proper hydration and nutrition, refrain from smoking, and gargle salt water. Regardless, even assuming this was a serious medical condition, Greenwood has not shown that (1) Sgt. Banks was deliberately indifferent to that condition, or (2) the delay in providing medical care caused his condition to worsen.

First, Greenwood has not shown Sgt. Banks was deliberately indifferent to his condition. It is undisputed Greenwood had a "brief" conversation with Sgt. Banks while Sgt. Banks was walking past his cell and informed him he had a burning sensation in his eyes and irritation in his chest and throat, and Sgt. Banks "ignored" him. However, it is also undisputed that Sgt. Banks had just finished putting out the fire, was busy escorting other inmates from their cells, had to leave to fill out a report about the fire, and informed staff that inmates should contact Yard Staff if they needed medical assistance. There is no evidence Greenwood made any effort to request medical attention from Yard Staff, even when correctional officers came by his cell to pass out trays. Instead, he waited two days to submit a Request for Healthcare form regarding breathing problems from "so many fires" in the A-cell house. Because Sgt. Banks was informed Greenwood was experiencing only a burning sensation in his eyes and irritation in his chest and throat, and he believed Greenwood and other inmates could contact Yard Staff if they required medical assistance, his conduct of leaving

5

Greenwood in his cell while he left to fill out an arson report did not show a "total unconcern" for Greenwood's welfare.

Second, Greenwood has not shown that the delay in providing medical care caused his health to worsen. Specifically, Greenwood requested medical care from Sgt. Banks on July 8, immediately after the fire, and there is no evidence he made any further efforts to request medical care until July 10, when he submitted a Request for Healthcare form complaining of breathing problems due to "so many fires." Greenwood was eventually seen by a nurse on July 17, and the nurse treated him by instructing him to maintain proper hydration and nutrition, refrain from smoking, and gargle salt water. Greenwood was never diagnosed with any condition related to the July 8 fire, and no longer has any medical issues related to the July 8 fire. Because the medical records do not indicate Greenwood had any condition that required treatment, there is no "verifying medical evidence" that the delay in providing treatment had any effect on his health.

Accordingly, there is no evidence by which any reasonable jury could conclude that Sgt. Banks was deliberately indifferent to Greenwood's serious medical condition, or that Sgt. Banks' delay in providing medical care had any detrimental effect on Greenwood's health. Summary judgment is therefore warranted in favor of Sgt. Banks.

For these reasons, the court:

(1) GRANTS Sgt. Banks' summary judgment motion (ECF 75); and

(2) DIRECTS the clerk to enter judgment in favor of Sgt. Banks and against Aarion Greenwood and to close this case.

SO ORDERED on September 5, 2023

                                                s/Michael G. Gotsch, Sr.
                                                Michael G. Gotsch, Sr.
                                                United States Magistrate Judge